**STATE OF WASHINGTON**
**SPOKANE COUNTY SUPERIOR COURT**

| | |
|---|---|
| GERALD RUSSELL, | NO. |
| Plaintiff, | |
| v. | PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. | |

COMES NOW, Plaintiff, GERALD RUSSELL, by and through his attorney, ROBERT MITCHELL, and complains against the Defendant as follows:

## I.    STATEMENT OF THE CASE

Defendant is a national debt collector with a long history of consumer abuses.[1] One case against Defendant reaffirmed the rule that debt collectors may be held liable for inflicting emotional distress upon consumers, without regard to state law standards for the same.[2]  The present case paints a clear picture that Defendant has not learned its lesson, and emotional distress damages are once again warranted against Defendant.

---

[1] A quick PACER search reveals that GC Services was a named defendant in over 1,750 federal lawsuits.
[2] *Baker v. GC Services Corp.*, 677 F. 2d 775 (9th Cir. 1982).

PLAINTIFF'S COMPLAINT                    1

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

In this case, Defendant telephoned Plaintiff in attempt to collect a debt. During that initial telephone communication, Plaintiff informed Defendant that: 1) He is represented by an attorney; 2) He disputes and refuses to pay the account; 3) The account is fraudulent; and 4) He has already initiated a legal action against the original creditor for fraudulent billing and fraudulent charges. Plaintiff provided his attorney's contact information to Defendant.

The very next day, Defendant mailed Plaintiff a collection letter demanding payment, and placed another debt collection telephone call to Plaintiff. The very next day, Defendant telephoned Plaintiff yet again in attempt to collect the debt. Approximately 10 days later, Defendant placed yet another telephone call to Plaintiff in yet another attempt to collect the debt. All told, Defendant sent one collection letter and placed three collection telephone calls to Plaintiff *after* receiving notice that Plaintiff is represented by an attorney, and that he dispute and refuses to pay the erroneous debt.

Defendant's abusive collection practices are among the most offensive statutory violations because they are designed to convince consumers that even an attorney and a lawsuit against the original creditor cannot protect the consumer from Defendant's aggressive collection tactics. Defendant's blatant statutory violations, coupled with Defendant's long history of similar violations, illustrates why an injunction is necessary to protect Plaintiff and other similarly situated Washington consumers from similar abuses.

## II.    PARTIES

2.1    Plaintiff, GERALD RUSSELL is a resident of the city of Spokane County, Washington.

PLAINTIFF'S COMPLAINT                    2

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

2.2     Plaintiff obtained a telephone and telephone service from Sprint, which he used specifically for personal, family, and household purposes.

2.3     Plaintiff is therefore a "person" as defined by Washington's Consumer Protection Act (CPA), a "debtor" as defined by the Fair Debt Collection Practices Act ("FDCPA"), and Plaintiff acted as a "person" and "debtor" at all times relevant to this litigation.

2.4     Sprint alleged a default, and subsequently forwarded, assigned, or transferred Plaintiff's Sprint account to Defendant for collections.

2.5     The Sprint account at issue in this matter is a "consumer debt" and a "claim" as defined by the above-referenced statutes.

2.6     Defendant, GC Services Limited Partnership ("GC" or "Defendant") is a Texas company, the principal purpose of which is the collection of defaulted accounts originally owed to others.

2.7     Defendant is a third party debt collector that regularly engages in the collection of defaulted consumer accounts originally owed to others.

2.8     Defendant is licensed to conduct business in Washington State, pursuant to UBI No. 601043759.

2.9     Defendant is a "person" as defined by Washington's Consumer Protection Act. RCW 19.86.

2.10     Defendant is an "out-of-state collection agency" as defined by Washington's Collection Agency Act.  RCW 19.16.

PLAINTIFF'S COMPLAINT                    3

1    2.11    Defendant is a "debt collector" as defined by the Fair Debt Collection Practices

2  Act.  15 U.S.C. § 1692.

3    2.12    Defendant attempted to collect the consumer debt/claim from Plaintiff.

4           **III.    JURISDICTION AND VENUE**

5

6    3.1    Jurisdiction and Venue in Spokane County Superior Court are appropriate

7  where the acts at issue and described herein or some part thereof occurred in Spokane County,

8  Washington, and where the injury to Plaintiff or some part thereof occurred in Spokane

9  County, Washington, and where Defendant has engaged in substantial business contacts in

10  Spokane County, Washington, and where Plaintiff prays for injunctive relief that exceeds the

11  jurisdiction of the State District Court.   RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and

12  7.40.010.

13    3.2    Defendant is liable unto Plaintiff pursuant to the provisions of the Consumer

14  Protection Act, RCW 19.86 *et seq.,* as well as other applicable state and federal laws.

15

16           **IV.    FACTS**

17    4.1    Plaintiff, Gerald Russell ("Plaintiff") obtained a cellular telephone and

18  telephone service from Sprint.

19    4.2    Plaintiff used the telephone and telephone service primarily for personal,

20  family, and household purposes.

21

22    4.3    Plaintiff was unhappy with his Sprint service.

23    4.4    In January of 2019, Plaintiff contacted Sprint and cancelled his service.

24    4.5    During that communication, Plaintiff requested his final bill.

25

26  PLAINTIFF'S COMPLAINT                    4

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

4.6     During that communication, Sprint informed Plaintiff that his final bill would be approximately $700.00.

4.7     Sprint then sent Plaintiff bills for approximately $400.00, then $300.00, and then $87.04.

4.8     Plaintiff paid the bills.

4.9     During a telephone communication related to his final payment, Sprint informed Plaintiff that the $87.04 bill would be Plaintiff's *final* bill.

4.10    On February 13, 2019, Plaintiff paid Sprint $87.04.

4.11    Sprint's payment confirmation states: "**Last Bill**" "**Previous Total Due $87.04**" "**Payment on 02/13 – Thank you! -$87.04**" "**Balance Forward $0.00**."

4.12    After this bill was paid and confirmation received, Sprint unlocked Plaintiff's telephone so he could obtain a different service provider, Cricket.

4.13    The next month, Sprint sent Plaintiff a communication threatening to bill his credit card an additional $683.27.

4.14    Plaintiff contacted Sprint and informed Sprint that he withdrew all previous authorization for charges and he refused authorization for Sprint to charge any of his credit cards.

4.15    Plaintiff also contacted his credit card provider and put a stop payment/fraud alert on the Sprint charge.

4.16    In May of 2019, Sprint somehow found a way to charge $683.27 to a different credit card; Plaintiff's Bank of America credit card.

PLAINTIFF'S COMPLAINT                    5

4.17    Plaintiff telephoned Sprint and Bank of America, disputed the fraudulent charge, and demanded that Sprint credit the $683.27 back to Plaintiff's credit card.

4.18    Sprint refused.

4.19    Plaintiff contacted Bank of America's fraud department and filed a fraud report.

4.20    Bank of America's fraud department stated that Bank of America has received multiple complaints about fraudulent Sprint billing.

4.21    Plaintiff went to his local sheriff/police department and contacted crime check to file a fraud report.  Both departments refused to file a report.

4.22    Plaintiff sued Sprint to obtain injunction against further charges, and for damages associated with Sprint's fraudulent billing practices.

4.23    On May 23, 2019, Defendant, GC Services Limited Partnership (hereinafter "GC" or "Defendant") telephoned Plaintiff and attempted to collect the erroneous debt.

4.24    On May 23, 2019, during the parties' initial telephone conversation, Plaintiff informed GC that he was represented by an attorney.

4.25    On May 23, 2019, during the parties' initial telephone conversation, Plaintiff provided GC with Plaintiff's attorney's contact information.

4.26    On May 23, 2019, during the parties' initial telephone conversation, Plaintiff informed GC that the debt was fraudulent.

4.27    On May 23, 2019, during the parties' initial telephone conversation, Plaintiff informed GC that he had already initiated a lawsuit against Sprint for attempting to collect the fraudulent account.

PLAINTIFF'S COMPLAINT                                6

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

4.28     On <u>May 24, 2019</u>, despite knowing that Plaintiff is represented by an attorney, GC telephoned Plaintiff again, in attempt to collect the debt.

4.29     On <u>May 24, 2019</u>, despite knowing that Plaintiff is represented by an attorney, GC mailed Plaintiff a collection letter.

4.30     On <u>May 25, 2019</u>, despite knowing that Plaintiff is represented by an attorney, GC telephoned Plaintiff again, in attempt to collect the debt.

4.31     On <u>June 5, 2019</u>, despite knowing that Plaintiff is represented by an attorney, GC telephoned Plaintiff again, in attempt to collect the debt.

4.32     GC communicated directly with Plaintiff despite knowing that Plaintiff is represented by an attorney and despite knowing the identity of Plaintiff's attorney.

4.33     GC communicated directly with Plaintiff despite knowing that Plaintiff disputed and refused to pay the fraudulent debt.

4.34     GC's actions were intended to harass, intimidate, and annoy Plaintiff into paying a disputed and fraudulent debt.

4.35     GC's actions were unfair and deceptive.

4.36     GC's actions were unconscionable.

4.37     Plaintiff was forced to take time away from otherwise economically productive activity to attend to Defendant's unfair and deceptive collection practices, to investigate Defendant's claims and actions, and to consult with his attorney about how to put a stop to Defendant's unfair, unconscionable and deceptive business practices.

4.38     Plaintiff was injured in his property as a direct and proximate result of Defendant's unfair and deceptive business practices.

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

4.39    Plaintiff suffered extreme emotional distress as a direct and proximate result of Defendant's intentional harassment and abuse.

4.40    Plaintiff is not Defendant's only victim.

4.41    A PACER search for "GC Services" as a "def" or "dft" produces over 1,750 results.

4.42    Nearly all of those cases involved debt collection violations.

4.43    288 of those cases were in the 9th Circuit.

4.44    In one of those cases the 9th Circuit ruled that GC Services could be held liable for emotional distress damages under the FDCPA, without regard to state law standards for the same. *Baker v. GC Services Corp.*, 677 F. 2d 775 (Court of Appeals, 9th Circuit 1982.

4.45    Plaintiff has taken time away from work and otherwise economically productive activities to attend to Sprint's fraud.

4.46    Sprint's fraud forced Plaintiff to take time away from work to consult with his attorney about how to put a stop to this situation.

4.47    Sprint's fraud forced Plaintiff to take time away from work to travel to the Spokane County Sheriff's Office to file a fraud complaint against Sprint.

4.48    All told, Plaintiff has lost at least five hours of his time and accruing interest to this issue.

## V.    FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

### (Application of the Statute)

5.1    Plaintiff re-alleges paragraphs I through IV, inclusive as though fully set forth herein.

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchlaw@gmail.com

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt."   15 U.S.C. § 1692a(3).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

5.4    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

5.5    Defendant collection agency is, without a doubt, a "debt collector" as defined by the FDCPA.

5.6    Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant collection agency is a "debt collector" which attempted to collect a debt owed to a third party.

## VI.    FIRST CAUSE OF ACTION

Fair Debt Collection Practices Act Violation

6.1    Plaintiff re-alleges paragraphs I through V, inclusive as though fully set forth herein.

6.2    The Fair Debt Collection Practices Act (hereinafter "FDCPA") states in pertinent part: "…a debt collector may not communicate with a consumer in connection with

PLAINTIFF'S COMPLAINT                            9

the collection of any debt – (2) if the debt collector knows the consumer is represented by an attorney…."  15 U.S.C. § 1692c(a)(2).

6.3    The FDCPA further states in pertinent part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.

6.4    The FDCPA further states in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

6.5    In this case, Defendant sent one collection letter and placed three separate debt collection telephone calls to Plaintiff *after* Plaintiff:

    A.    Informed Defendant that he is represented by an attorney;

    B.    Informed Defendant that the debt is fraudulent;

    C.    Informed Defendant that he refused to pay the fraudulent debt;

    D.    Informed Defendant that he sued the original creditor for the fraudulent billing; and

    E.    Provided Defendant with his attorney's contact information.

6.6    After Plaintiff informed Defendant of the fraud and refused to pay the debt, there was no valid or reasonable purpose that could have been served by Defendant continuing to contact Plaintiff.

6.7    After Plaintiff informed Defendant that he is represented by an attorney and provided Defendant with his attorney's contact information, there was no valid or reasonable purpose that could have been served by Defendant continuing to contact Plaintiff.

6.8    The only possible purpose that could have been served by continuing to direct communications to Plaintiff, rather than his attorney, would be to harass, abuse, and intimidate Plaintiff into paying the fraudulent and disputed debt to put a stop to Defendant's harassment.

PLAINTIFF'S COMPLAINT                    10

6.9     Defendant therefore violated the FDCPA by continuing to communicate with Plaintiff after he disputed the debt, refused to pay the debt, informed Defendant that the debt was fraudulent, informed Defendant that litigation had already begun against the original creditor, informed Defendant that he is represented by an attorney, and provided his attorney's contact information to Defendant.

6.10    Plaintiff suffered injury and actual damages resulting from Defendant's actions where he was forced to take time away from otherwise economically productive activities to put a stop to Defendant's statutory violations and abuses.

6.11    Plaintiff suffered extreme emotional distress as a direct and proximate cause of Defendant's abuses.

6.12    Defendant's actions are a direct and proximate cause of Plaintiff's injuries and damages.

6.13    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.14    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington consumers from similar harm.

### VII.    SECOND CAUSE OF ACTION

#### ((*Per Se* Consumer Protection Act – State Collection Agency Act Violation)

7.1     Plaintiff re-alleges paragraphs I through VI, inclusive as though fully set forth herein.

7.2     Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.3     The Washington CPA applies to the actions at issue herein because the Plaintiff and Defendant are both "persons", the complaint involves conduct which occurred in the

PLAINTIFF'S COMPLAINT                    11

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

course of trade/commerce, the Plaintiff was damaged in his property by Defendant's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

7.4     Additionally, the Washington Collection Agency Act (WCAA) prohibits collection agencies from engaging in certain unfair and/or deceptive collection acts or practices.  RCW 19.16.250(1 – 25).

7.5     The WCAA states that violations of the WCAA are *per se* violations of the Consumer Protection Act (WCPA).  RCW 19.16.440.

7.6     The "Prohibited Practices" section of the Washington Collection Agency Act (WCAA) states in pertinent part that collection agencies and their employees shall not: "Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor."  RCW 19.16.250(13).

7.7     In this case, after Plaintiff informed Defendant that he is represented by an attorney and provided Defendant with his attorney's contact information, there was no valid or reasonable purpose that could have been served by Defendant continuing to contact Plaintiff.

7.8     The only possible purpose that could have been served by continuing to direct communications to Plaintiff, rather than his attorney, would be to harass, abuse, and intimidate Plaintiff into paying the fraudulent and disputed debt to put a stop to Defendant's harassment.

7.9     Defendant therefore violated both the Washington Collection Agency Act and the Washington Consumer Protection Act (*per se* violation), by continuing to communicate with Plaintiff after he disputed the debt, refused to pay the debt, informed Defendant that the debt was fraudulent, informed Defendant that litigation had already begun against the original creditor, informed Defendant that he is represented by an attorney, and provided his attorney's contact information to Defendant.

7.10     Plaintiff suffered injury and actual damages resulting from Defendant's actions.

PLAINTIFF'S COMPLAINT                              12

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

7.11    Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

7.12    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.13    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VIII.    <u>THIRD CAUSE OF ACTION</u>

(<u>Consumer Protection Act Violation</u>)

8.1    Plaintiff re-alleges paragraphs I through VII, inclusive as though fully set forth herein.

8.2    In the alternative to a *per se* violation of Washington's CPA, as alleged *Supra*, Defendant's collection actions are still "unfair" and "deceptive" as those terms are ambiguously defined and liberally construed to protect consumers.  RCW 19.86.920.

8.3    To determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters. *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).

8.4    The court in *Lightfoot* stated:

> …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.[3]

8.5    One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the <u>Federal Trade Commission Act</u>, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. §45(a)(1).

---

[3] *Lightfoot* at 335.

PLAINTIFF'S COMPLAINT                    13

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

8.6    The Fair Debt Collection Practices Act, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violative of the state Consumer Protection Act.  15 U.S.C. § 1692 et seq.

8.7    In addition to examining federal statutes to determine if a specific act is unfair and violative of the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  *Testo v. Dunmire Oldsmobile, Inc.*, 554 P.2d 349 (1976) citing *Tradewell Stores, Inc. v. T. B. & M., Inc.*, 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

8.8    In *Testo*, the court stated:

> The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned.[4]

8.9    Based on the above, this Court should use the FDCPA standards of unfair and deceptive practices to determine if the defendant violated Washington's CPA in the case at hand.

8.10    Under the FDCPA, it is an unfair act/practice to harass a debtor, or communicate with a debtor after receiving notice that the debtor is represented by an attorney. It is also a violation to communicate with a consumer in a manner designed to harass or annoy.

8.11    In this case, Defendant violated the FDCPA and the Washington Collection Statute by communicating with Plaintiff in a harassing manner after receiving notice that Plaintiff is represented by an attorney.  *Supra.*

---

[4] *Testo* at 350.

PLAINTIFF'S COMPLAINT                         14

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

8.12    Where Defendant's collection attempts are unfair and deceptive acts or practices in violation of the FDCPA and state collection statute, Defendant's collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

8.13    Therefore, Defendant committed unfair acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (CPA) as codified in RCW 19.86, et seq., where Defendant's collection communications violated the Federal Collection Statute (FDCPA).

8.14    Plaintiff suffered injury and actual damages resulting from Defendant's actions.

8.15    Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

8.16    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.17    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

A.    For an Injunction preventing Defendant from ever again communicating with Plaintiff for any reason whatsoever, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

B.    For an Injunction preventing Defendant from ever again collecting any debt from any Washington citizen after receiving notice that the Washington citizen is represented by an attorney, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843,

PLAINTIFF'S COMPLAINT                    15

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

C.      For an Injunction preventing Defendant from ever again collecting upon the subject debt or subject account, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

D.      For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.86.090; RCW 19.16.450; and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

E.      For Intentional Infliction of Emotional Distress, or Negligent Infliction of Emotional Distress damages in the amount of $10,000, pursuant to 15 U.S.C. §1692 et seq.; and *Jackson v. Peoples Credit Union*, 604 P.2d 1025 (1979); and *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982);

F.      For Statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. §1692, et seq.;

G.      For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 *et seq.,* and various common law claims;

PLAINTIFF'S COMPLAINT                    16

**Robert Mitchell Attorney at Law, PLLC**
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

H.      For Incidental and Consequential damages in an amount to be proven at trial;

I.      For treble Plaintiff's Actual Damages up to the amount of $25,000, pursuant to RCW 19.86, *et seq.;*

J.      For costs and reasonable attorney's fees in an amount to be proven at trial, pursuant to RCW 19.86 *et seq.;*

K.      For interest on the above amounts as authorized by law;

L.      For other relief as the Court deems just and equitable;

M.      For leave to amend this complaint as needed and as required; and

N.      For leave to seek Civil Rule 23(b) status if information becomes available through discovery supporting the need for class action status.

## X.      <u>REQUEST FOR TRIAL BY JURY</u>

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7, and Washington Superior Court Civil Rule 38.

Dated this <u>24</u><sup>th</sup> day of August, 2019.

Respectfully submitted,

s//Robert Mitchell
ROBERT MITCHELL (WSBA #37444)
Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St.
Spokane, WA 99201
Telephone:      (509) 327-2224
Facsimile:      (888) 840-6003
E-mail:          bobmitchellaw@gmail.com

PLAINTIFF'S COMPLAINT                          17