FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>    Defendant. | NO: 2:19-CV-273-RMP<br><br>STIPULATED PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Joint Motion for Entry of Stipulated Protective Order, ECF No. 18.  A district court may enter a protective order upon a showing of good cause.  Fed. R. Civ. P. 26(c).  Having reviewed the proposed order and the record, the Court finds that good cause exists to enter the parties' proposed Stipulated Protective Order.  Accordingly, **IT IS HEREBY ORDERED** that the Parties' Joint Motion for Entry of Stipulated Protective Order, **ECF No. 18**, is **GRANTED**.  The Protective Order is set forth below.

//

//

STIPULATED PROTECTIVE ORDER ~ 1

# PROTECTIVE ORDER

1. As used in this Protective Order, these terms have the following meanings:

    (a) "Attorneys" means counsel of record or other counsel specifically retained to represent a party related to this case;

    (b) "Confidential" documents are documents designated pursuant to paragraph 2;

    (c) "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    (d) "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

    (e) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    (a) the Court and its staff;

    (b) attorneys, their law firms, and their Outside Vendors;

    (c) persons shown on the face of the document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) the parties;

    (f) outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

STIPULATED PROTECTIVE ORDER ~ 3

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written

notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Filing of Sealed Documents for Civil Cases for the Eastern District of Washington. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court. Any party requesting protections against public disclosure must comply with the Ninth Circuit's directives for doing so, as set forth in *Kamakana v. City and Cnty. of Honolulu*. 447 F.3d 1172, 1178–81 (9th Cir. 2006). As the Ninth Circuit has explained, "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id*. at 1180 (citation omitted). Regarding Confidential documents attached to non-dispositive motions, the parties must demonstrate good cause to maintain their secrecy. *Id*.

10. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking Confidential treatment may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as

STIPULATED PROTECTIVE ORDER ~ 5

"Confidential" in the action may be affected. In addition, the following procedure shall apply:

    (a) The parties must make every attempt to resolve any dispute regarding Confidential designations without court involvement. Any motion regarding Confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    (b) If the parties cannot resolve a challenge without court intervention, the designating party may utilize the procedure set forth in the Jury Trial Scheduling Order at Section 5(c) by contacting the courtroom deputy and requesting a telephonic discovery conference with the Court to resolve the dispute.

    (c) If the dispute cannot be resolved by the Court during a telephonic discovery conference, then the party who designated the material as Confidential may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party, which party will have the

STIPULATED PROTECTIVE ORDER ~ 6

burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

//

//

//

13. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by this Protective Order shall survive the termination of this action.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 24, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

STIPULATED PROTECTIVE ORDER ~ 8

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated January 24, 2020, filed in Case No. 19-CV-00273-RMP pending in the United States District Court for the Eastern District of Washington. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents

in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on:

_____        _____
(Date)                                            (Signature)

STIPULATED PROTECTIVE ORDER ~ 10