FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD RUSSELL,<br><br>               Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>               Defendant. | NO: 2:19-CV-273-RMP<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment on Defendant's FDCPA Liability, ECF No. 60. The Court has considered the briefing, the record, and is fully informed.

On April 21, 2020, the parties filed a stipulated motion to dismiss Plaintiff's state law claims with prejudice. ECF No. 56. In the joint motion, Defendants also stipulated "to not contest liability in this matter with respect to the allegations that GC Services violated 15 U.S.C. § 1692c(a)(2), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692f." *Id*. at 2. The listed statutory provisions are provisions of the Fair Debt Collection Practices Act ("FDCPA").

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

1  Upon the joint request of the parties, the Court dismissed Plaintiff's state law
2  claims with prejudice. ECF No. 57. In the same Order, the Court denied Plaintiff's
3  then-pending first motion for partial summary judgment on FDCPA liability as
4  moot, due to the parties' stipulation. *Id*. Plaintiff then filed the instant Motion for
5  Partial Summary Judgment on Defendant's FDCPA Liability, requesting that the
6  Court enter judgment in favor of Plaintiff on liability, as the parties' stipulation
7  resolved all genuine issues of material fact related to Defendant's FDCPA liability.
8  ECF No. 60 at 3. Although it was not submitted as a motion for reconsideration,
9  Plaintiff's instant motion essentially asks the Court to reconsider its prior decision,
10 which denied Plaintiff's first motion for partial summary judgment as moot in light
11 of the parties' stipulation. Defendant opposes the instant motion as unnecessary,
12 arguing, "the Court has already found [that FDCPA liability] no longer needs to be
13 determined as the stipulation renders it moot." ECF No. 64 at 3.
14 To the extent that the instant motion asks the Court to reconsider its prior
15 ruling, denying Plaintiff's first motion for partial summary judgment on FDCPA
16 liability as moot, the Court finds that reconsideration is appropriate here, due to a
17 clear error. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.
18 1999). For the reasons explained below, summary judgment on FDCPA liability is
19 appropriate in light of the parties' stipulation at ECF No. 56.
20 A district court must grant summary judgment "if the movant shows that there
21 is no genuine dispute as to any material fact and the movant is entitled to judgment

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 2

as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Here, Defendants have agreed not to contest liability under the relevant sections of the FDCPA.  Thus, there is no genuine dispute as to any material fact regarding liability, and the only question remaining is whether Plaintiff is entitled to judgment as a matter of law on his claims asserted under 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f.

Pursuant to 15 U.S.C. § 1692c(a)(2), a debt collector may not communicate with a consumer to collect a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ."  Plaintiff's second and third FDCPA claims are made pursuant to 15 U.S.C. § 1692d, which prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and 15 U.S.C. § 1692f, which broadly prohibits "unfair or unconscionable" debt collection methods.

Here, Defendant has stipulated that it sent Plaintiff a debt collection letter and placed three separate debt collection telephone calls after Plaintiff informed Defendant that he was represented by an attorney and that he had filed a lawsuit against the creditor.  ECF No. 56 at 2.  Defendant further stipulated that it made one debt collection telephone call to Plaintiff after Plaintiff provided Defendant with his attorney's contact information.  *Id*.  Given Defendant's stipulated actions, Plaintiff is

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

entitled to judgment as a matter of law on his claims under 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f.

Because there is no genuine dispute of material fact as to Defendant's liability on Plaintiff's FDCPA claims, and because Plaintiff is entitled to judgment as a matter of law on those claims, summary judgment on Defendant's FDCPA liability is appropriate here.

However, the parties dispute Plaintiff's damages and agree that this litigation must proceed to determine those damages. The Court notes that Defendant has filed a motion for summary judgment regarding Plaintiff's damages, ECF No. 61, which the Court will address in a separate Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 60**, is **GRANTED**.
2. Judgment shall be entered in favor of Plaintiff on **liability only** for Plaintiff's FDCPA claims under 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f. The issue of Plaintiff's damages remains and must be determined through these proceedings.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment consistent with this order, and provide copies to counsel.

**DATED** June 5, 2020.

                    *s/ Rosanna Malouf Peterson*
                   ROSANNA MALOUF PETERSON
                     United States District Judge