FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD RUSSELL,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>　　　　　　　　Defendant. | NO: 2:19-CV-273-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT are Defendant's Motion for Summary Judgment and Motion to Strike, ECF No. 61. While Defendant does not contest liability in this case, Defendant has moved for partial summary judgment on Plaintiff's claim for actual damages under the Fair Debt Collection Practices Act. Defendant also has moved to strike the declaration of Autumn Russell, which Plaintiff submitted in opposition to Defendant's Motion for Partial Summary Judgment. The Court has considered the record, the briefing, and is fully informed.

//

//

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

## BACKGROUND

The facts of this case are largely undisputed. In 2019, Plaintiff Gerald Russell sued Sprint, his former cellular telephone service provider, for fraudulent billing. He alleged that Sprint charged him $683.27, after he had switched service providers and after he already had paid his final bill.

In May and June of 2019, Defendant GC Services Limited Partnership, a debt collection company, contacted Plaintiff Gerald Russell on behalf of Sprint to collect the contested debt. ECF No. 62 at 2. It is undisputed that Mr. Russell received four telephone calls and one letter from GC Services regarding his purported debt between May 23, 2019 and June 5, 2019. *Id*. Additionally, it is undisputed that the June 5th telephone call was placed after Mr. Russell had provided GC Services with the name and phone number of his attorney representing him in his action against Sprint. ECF No. 32 at 10–15 (transcript of telephone calls).

In response to GC Service's communications with him, Plaintiff filed this lawsuit against GC Services in Spokane County Superior Court. *See* ECF No. 1-1. On August 9, 2019, GC Services removed the case to this Court. Shortly thereafter, Plaintiff filed an amended complaint alleging that GC Services violated the Fair Debt Collection Practices Act (FDCPA) and the Washington Consumer Protection Act (WCPA) by attempting to collect the contested debt on behalf of

Sprint, after learning that the debt was contested and the subject of a lawsuit. *See* ECF No. 2.

On April 21, 2020, the parties submitted a Joint Stipulation in which Mr. Russell agreed to dismiss his state law claims with prejudice and GC Services agreed not to contest liability on Mr. Russell's FDCPA claim. ECF No. 65. Pursuant to the stipulation, the parties agree that the only issue remaining in this case is damages on Plaintiffs' FDCPA claim. The Court dismissed Plaintiff's state law claims with prejudice and entered judgment as to liability on Plaintiff's FDCPA claim.

GC Services has moved for summary judgment on Mr. Russell's claim for actual damages, arguing that Mr. Russell has not provided evidence of actual damages. In response, Mr. Russell argues that he has provided sufficient evidence to submit the question of actual damages to a jury. Mr. Russell has attached a sworn declaration from his wife, Autumn Russell, to his opposition brief, which he maintains supports his claim for actual damages caused by emotional distress. *See* ECF No. 65-2. Mr. Russell did not originally identify Ms. Russell as a potential witness in his initial disclosures. Rather, he updated his initial disclosures to include her after GC Services filed the instant Motion for Summary Judgment and before filing his response. *See* ECF No. 65-4 (Plaintiff's updated initial disclosures signed May 8, 2020).

In its reply brief, GC Services moved to strike Ms. Russell's declaration under Federal Rule of Civil Procedure 37(c), arguing that Ms. Russell was not identified in Plaintiff's initial disclosures, and because Mr. Russell did not supplement his initial disclosures in a timely manner to include Ms. Russell as a person with knowledge of discoverable information.

## DISCUSSION

### I. Defendant's Motion to Strike

First, the Court considers GC Services' Motion to Strike. GC Services has moved to strike the declaration of Ms. Russell pursuant to Rule 37(c)(1), as Plaintiff did not disclose Ms. Russell in his initial disclosures consistent with Rule 26(a), or supplement his discovery responses to include her as a potential witness in a timely fashion, consistent with Rule 26(e).

**A. Legal Standard**

Under Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing the sanction bears the burden of demonstrating that the failure to disclose was substantially justified or harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

The initial disclosures mandated by the Federal Rules of Civil Procedure are designed "to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014). The Ninth Circuit has concluded that a trial court does not abuse its discretion when it excludes a witness who was not disclosed pursuant to Rule 26(a) or (e), even when that witness was mentioned during a deposition. *Id.* at 863. In reaching this conclusion, the Circuit has reasoned: "An adverse party should not have to guess which undisclosed witnesses may be called to testify. We—and the Advisory Committee on the Federal Rules of Civil Procedure—have warned litigants not to 'indulge in gamesmanship with respect to the disclosure obligations' of Rule 26." *Id.* (quoting *Marchand v. Mercy Med. Ctr.*, 22 F.3d 936 n. 3 (9th Cir. 1994)); *see also Benjamin v. B & H Educ. Inc.*, 877 F.3d 1139 (9th Cir. 2017).

In certain circumstances parties are required to update their initial disclosures. *See* Fed. R. Civ. P. 26(e). Rule 26(e) requires that corrected or supplemental disclosures be provided in a timely fashion. *See* Fed. R. Civ. P. 26(e)(1)(A).

**B. Compliance with Rule 26(a) and (e)**

Here, Plaintiff did not disclose his wife as an individual likely to have discoverable information in his initial disclosures consistent with Rule 26(a). *See* Fed. R. Civ. P. 26(a)(1)(A)(i). While he updated his initial disclosures, he did so

on May 8, 2020, after Defendants had filed the instant Motion for Summary Judgment and months after the close of discovery on March 6, 2020. Given Plaintiff's significant delay in supplementing his initial disclosures, and the fact that the contested witness is Plaintiff's wife about whom he should have had immediate knowledge, the Court finds that the supplemental disclosure was not made in a timely fashion under Rule 26(e).

Plaintiff contends that he complied with Rule 26(e), governing updated disclosures, because he mentioned his wife as a person with knowledge of this case at his deposition. Under Rule 26(e), a party must supplement an initial disclosure only "if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Accordingly, Plaintiff argues that he was not required to update his initial disclosures under Rule 26(e), as he provided sufficient corrective information in his deposition.

However, during his deposition, Plaintiff did not identify his wife as a witness with knowledge of his alleged emotional distress damages. He only identified her as a person who knows what this lawsuit is about. *See* ECF No. 65-3 at 7. Under Rule 26(a), which governs initial disclosures, the initial disclosure of a potential witness must contain, if known, the subjects of discoverable information about which the potential witness may testify, "that the disclosing party may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Thus, because

Plaintiff did not identify his wife as an individual with knowledge about his alleged emotional distress damages during his deposition, Plaintiff did not provide sufficient corrective information to relieve him of his obligation to amend his initial disclosures. *See* Fed. R. Civ. P. 26(e)(1)(A).

### C. Whether the Violation was Harmless or Substantially Justified

Having found that Plaintiff did not comply with Rule 26(a) or 26(e), the Court considers whether Plaintiff's discovery violation was harmless or substantially justified. *See* Fed. R. Civ. P. 37(c)(1). Plaintiff suggests that the error was harmless because (1) he mentioned his wife in his deposition testimony, and (2) Defendants should have known that his wife was a witness with knowledge of his emotional distress, given the nature of the case. Plaintiff asserts, "Defendant knows the importance of taking the deposition of a named Plaintiff's spouse, particularly when she is disclosed as a witness with knowledge during Plaintiff's deposition." ECF No. 65 at 3.

However, as the Ninth Circuit has found, an adverse party should not be forced to speculate as to whether an undisclosed witness will provide testimony in a case. *See Ollier*, 768 F.3d at 863. The Court finds that Plaintiff's reasons do not provide sufficient justification for his failure to disclose.

Additionally, the Court finds that Plaintiff's discovery violation is not harmless. Plaintiff submitted Ms. Russell's declaration to provide corroborating evidence of his actual damages, in opposition to Defendant's Motion for Partial

Summary Judgment on his actual damages claim. Apart from his own declaration, Plaintiff has provided no other evidence of his purported emotional distress. Due to the subject of Ms. Russell's testimony and the fact that she was not disclosed until after the close of discovery and after Defendants filed their Motion for Summary Judgment, the Court finds that Plaintiff's failure to disclose his wife as a witness is not harmless.

For the foregoing reasons, the Court finds that Plaintiff failed to comply with Rule 26(a) and (e), and that failure was not harmless or substantially justified. *See* Fed. R. Civ. P. 37(c). Therefore, in accordance with Rule 37(c), the Court grants Defendant's Motion to Strike Ms. Russell's declaration.

## II. Defendant's Motion for Summary Judgment

### A. Legal Standard

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 324.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B. Actual Damages under the FDCPA**

Defendant has moved for summary judgment on Plaintiff's claim for actual damages, arguing that he has not provided evidence to support that claim. Actual damages are available to plaintiffs under the FDCPA. 15 U.S.C. § 1692k(1). In this case, Plaintiff has asserted a claim for actual damages based on emotional distress and lost time.

*Actual Damages for Emotional Distress*

Neither the Supreme Court nor the Ninth Circuit have announced a standard applicable to emotional distress damages under the FDCPA. *See Hartung v. J.D. Byrider, Inc.*, No. 1:08-cv-00960 AWI GSA, 2009 WL 1876690, at *6 (E.D. Cal. June 26, 2009) ("[H]ow to interpret the 'actual damage' language [of the FDCPA] with respect to emotional distress is a controversial issue that has not yet been addressed by the Ninth Circuit."). Some district courts have concluded that, to prove emotional distress damages under the FDCPA, the plaintiff must meet the relevant state law standard for intentional infliction of emotional distress (IIED). Other courts "have applied a lower standard akin to that used in cases brought under the Fair Credit Reporting Act ('FCRA'), which has an 'actual damages' provision virtually identical to that of the FDCPA." *Perkons v. American Acceptance, LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916, at *3 (D. Ariz. Nov. 29, 2010).

In *Genschorck v. Sutttell & Hammer, P.S.*, a different judge in this district concluded that plaintiffs need not meet the heightened, state law IIED standard in order to prove emotional distress damages under the FDCPA. No. 12-CV-0615-TOR, 2013 WL 6118678, at *4–5 (E.D. Wash. Nov. 21, 2013). The Court is persuaded by the reasoning in *Genschorck* and can find no reason to apply a heightened standard for actual damages under the FDCPA. Additionally, the parties do not dispute the relevant standard. *See* ECF No. 61 at 9–10 and ECF No.

65 at 9. Accordingly, the Court finds that Plaintiff need not comply with Washington IIED standards to prove his emotional distress damages under the FDCPA.

Even accepting the less demanding standard, Defendant argues that the Court should dismiss Plaintiff's damages claim because it is not supported by any "actual evidence." ECF No. 61 at 2. Defendant maintains that Plaintiff cannot support his damages claim with only his own, "self-serving" testimony. However, Plaintiff's deposition testimony is evidence that the Court considers on summary judgment. Defendants have cited no binding precedent, and the Court has found none, indicating that a plaintiff cannot oppose summary judgment on an FDCPA claim for emotional distress damages by providing his or her own admissible testimony. Defendant's suggestion that Plaintiff's testimony is insignificant because it is "self-serving" implies that the Court should weigh the testimony by considering Plaintiff's bias in favor of his case when ruling on the instant motion for summary judgment. Of course, the Court cannot weigh the credibility of any witness on summary judgment. *See S.E.C. v. Koracorp Indus., Inc.*, 575 F.2d 692, 699 (9th Cir. 1978).

Some district courts have found that plaintiffs alleging damages for emotional distress under the FDCPA must provide some corroborative evidence of their emotional distress, apart from their own testimony. *See Perkons v. American Acceptance, LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916, at *3 (D. Ariz.

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

Nov. 29, 2010) (noting the citing cases). However, the Ninth Circuit has not decided that issue. *See id.*; *see also Hartung*, 2009 WL 1876690, at *6. As no binding precedent demands that the Court require corroborative evidence in addition to Mr. Russell's testimony, the Court will not impose such a requirement here.

The Ninth Circuit "has generally stated that emotional distress damages can be awarded without corroborative evidence where circumstances make it obvious that a reasonable person would suffer significant emotional harm," rather than merely trivial or transient harm. *See id.* (citing *In re Dawson*, 390 F.3d 1139, 1150 (9th Cir. 2004) abrogated on separate grounds as recognized by *In re Gugliuzza*, 852 F.3d 884 (9th Cir. 2017)); *see also Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (explaining that plaintiff's testimony alone was "enough to substantiate the jury's award of emotional distress damages"); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 513 (9th Cir. 2000) ("While objective evidence requirements may exist in other circuits, such a requirement is not imposed by case law in either Washington, the Ninth Circuit, or the Supreme Court.").

In this case, Mr. Russell has no corroborating evidence of his emotional distress, as the Court granted GC Service's Motion to Strike Ms. Russell's declaration. Therefore, damages for emotional distress are appropriate only if the

"circumstances make it obvious that a reasonable person would suffer significant emotional harm" when placed in Plaintiff's position.

The Court finds that the evidence of record is insufficient to establish that a reasonable person would have suffered significant emotional distress if put in Plaintiff's position, such that they would be entitled to actual damages for emotional distress. None of the telephone conversations in this case exceeded four minutes. *See* ECF No. 31-8 at 2. Additionally, the transcripts of those conversations reveal that GC Services employees used professional language, asked Mr. Russell if he would like to speak to a supervisor, made no threats regarding the collection of the debt, and clearly identified themselves as employees of GC Services attempting to collect a debt on behalf of Sprint. *See* ECF No. 32.

As part of his claim for emotional distress damages, Mr. Russell asserts that he experienced potential reputational damage and humiliation due to the telephone calls he received. However, Mr. Russell did not identify any person that overheard any of the short calls placed by GC Services or recite how his reputation would have been damaged when no third party overheard the calls. *See* ECF Nos. 63-2 and 63-3.

Liability is undisputed in this case. However, Mr. Russell has identified no evidence showing that the circumstances surrounding GC Services' communication with him would cause a reasonable person to suffer significant

emotional harm. Therefore, no reasonable factfinder could conclude that Plaintiff suffered significant emotional distress based on the evidence presented.

As Mr. Russell has not supported his claim of emotional distress with sufficient evidence as a matter of law, summary judgment on his claim for actual damages based on emotional distress is appropriate.

### *Lost Productive Time and Other Alleged Damages*

Mr. Russell also seeks actual damages for lost economically productive time. GC Services argues that Mr. Russell has produced no evidence to support this claim. Upon review of the record, the Court agrees. Mr. Russell has not submitted evidence illustrating that he lost economically productive time or business opportunities due to GC Services' actions.

Additionally, Mr. Russell asserts in his response to the instant motion that he seeks damages for lost time in his personal life, arguing that his testimony supports damages for "[b]eing forced to take time away from his family and his life to consult an attorney to put an end to Defendant's harassment." ECF No. 65 at 16. However, Mr. Russell has provided no evidence as to the amount of time that he allegedly lost due to GC Services' FDCPA violation. Moreover, undisputed evidence on the record shows that none of GC Services' calls exceeded four minutes. Similarly, Mr. Russell does not support his claim that an attorney was required to end the alleged harassment. In fact, the record shows that this lawsuit

was filed one month after GC Services made its final telephone call to Mr. Russell on June 5, 2019. ECF No. 1-1 at 20.

Upon review of the record, the Court finds that Plaintiff has not provided evidence to support his claim for actual damages under the FDCPA such that a reasonable juror could find in his favor. Accordingly, summary judgment on Plaintiff's claim for actual damages pursuant to the FDCPA is appropriate.[1]

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment, **ECF No. 61**, is **GRANTED**.

2. Defendant's Motion to Strike the Declaration of Autumn Russell, which is contained in Defendant's briefing on its Motion for Partial Summary Judgment, is **GRANTED**.

3. Plaintiff's claim for actual damages pursuant to the FDCPA is **DISMISSED WITH PREJUDICE**.

4. Pursuant to Fed. R. Civ. P. 54(b) and upon consideration of the record, the Court finds that there is no just reason to delay in entering Judgment

---

[1] The Court acknowledges that GC Services moved to strike some of Plaintiff's discovery responses as untimely. ECF 61 at 4 n. 2. As a decision on that issue would not affect the Court's ruling on the instant Motion for Partial Summary Judgment, the Court declines to rule on that issue.

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 15

on Plaintiff's claim for actual damages. Accordingly, the District Court Clerk shall **enter Judgment** for Defendant on Plaintiff's FDCPA claim for actual damages.

5. The only remaining claim in this case is Plaintiff's claim for statutory damages under the FDCPA.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter Judgment consistent with this Order, and provide copies to counsel.

**DATED** August 4, 2020.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge