FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 04, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD RUSSELL,<br><br>                Plaintiff,<br><br>  v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>                Defendant. | NO: 2:19-CV-273-RMP<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION REGARDING COSTS |

BEFORE THE COURT is Defendant GC Services Limited Partnership's ("GC Services") Motion for Reconsideration with an Additional Explanation Regarding its Costs, ECF No. 111. The Court has considered the briefing, the record, and is fully informed.

On October 15, 2020, the Court granted Plaintiff Gerald Russell's Motion for Prevailing Party Costs and Attorney's Fees in part and granted GC Services' Petition for an Award of Costs in part. ECF No. 104. The Court excluded the following costs from the award to GC Services due to a lack of sufficient evidence or explanation as to why the costs were incurred: (1) $125 for serving a subpoena

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION REGARDING ITS COSTS ~ 1

duces tecum to Franz Bakery; and (2) $750 for editing the deposition transcript of Eric John Gates. *Id*. at 20–23. The Court directed GC Services to provide further explanation and evidence to substantiate the costs at issue should it want the Court to reconsider the award. *Id*. at 22. Mr. Russell has since appealed the Court's Order. ECF No. 106.

### 1. Subpoena Duces Tecum

GC Services incurred $125 in costs for serving a subpoena duces tecum on France Bakery. ECF No. 88 at 18. Mr. Russell objects because the subpoena was issued on March 5, 2020, and the discovery deadline was March 6, 2020. ECF No. 113 at 3–4. Mr. Russell also contends that the subpoena was unnecessary and a retaliatory measure by GC Services. *Id*. at 4.

Mr. Russell is employed by Franz Bakery as a truck driver. ECF No. 112-1 at 4. Mr. Russell was deposed on February 21, 2020, and testified that he received phone calls from GC Services while at work. *Id*. at 6. Mr. Russell further testified that he was seeking actual damages due to being allegedly harassed by GC Services while on the job. *Id*. at 12. Based on Mr. Russell's testimony, GC Services sought and obtained from Franz Bakery the days and times that Mr. Russell worked between May 20, 2019, and June 10, 2019, when the phone calls at issue between the parties occurred. ECF No. 112-2.

The Court agrees that Mr. Russell's deposition testimony and his claim for damages for emotional distress and lost economically productive time put his work

1   schedule directly at issue.  The newly proffered evidence by GC Services
2   substantiates the $125 incurred for serving a subpoena duces tecum on Franz
3   Bakery.  In his initial brief responding to GC Services' Petition for Costs, Mr.
4   Russell generally objected to an award of costs to GC Services and did not
5   articulate a specific objection to the $125 based on the costs being incurred close to
6   the discovery cutoff.  ECF Nos. 94.  Since Mr. Russell failed to raise this argument
7   in his initial response, the Court views his objection as to timing waived.  .
8   Accordingly, the $125 charge for service of the subpoena duce tecum is
9   recoverable pursuant to Fed. R. Civ. P. 68(d).

10   **2. Transcript**

11   GC Services incurred $750 in costs for a court reporter to edit the transcript
12   from the deposition of Eric John Gates, excluding those portions of the transcript
13   which were designated as confidential.  ECF No. 112-3.
14   An award of costs under Fed. R. Civ. P. 68 is mandatory; "Rule 68 leaves no
15   room for the court's discretion."  *United States v. Trident Seafoods Corp.*, 92 F.3d
16   855, 859 (9th Cir. 1996).  However, as the Court previously recognized, a
17   defendant who has made an offer of judgment should not be compensated for
18   duplicative or needless costs as a matter of fairness to the corollary principle
19   governing plaintiffs in FDCPA cases.  ECF No. 104 at 21 (citing *Haworth v. State*
20   *of Nevada,* 56 F.3d 1048, 1052 (9th Cir. 1995)) ("Just because a plaintiff has an
21

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
RECONSIDERATION REGARDING ITS COSTS ~ 3

[FDCPA] violation in [his] pocket does not give [him] a license to go to trial, run up the attorney fees and then recover them from the defendant.").

Mr. Gates was the designated representative for Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition of GC Services. ECF No. 111 at 4. GC Services incurred $576.45 in costs for a copy of the original transcript, prior to making any confidential designations or editing the transcript. ECF No. 88 at 24. Pursuant to Section 7 of the Protective Order:

> All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

ECF No. 19 at 4. GC Services designated those portions of Mr. Gates' deposition that it deemed confidential in a written letter to Mr. Russell. ECF No. 112-3 at 2.

The Court is not persuaded that beyond designating the deposition or portions thereof as "confidential" that the Protective Order required GC Services to incur the costs associated with obtaining a second copy with redactions of the transcript for Mr. Gates' deposition from a court reporter. Mr. Russell was timely notified as to which portions of Mr. Gate's deposition that GC Services deemed confidential. It is not apparent to the Court that either party relied on excerpts

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
RECONSIDERATION REGARDING ITS COSTS ~ 4

from Mr. Gates' deposition, confidential or otherwise, in resolving this case. If either party had anticipated proffering his testimony, both parties were sufficiently informed as to which portions of the transcript needed to be redacted. Any redaction could have been done with a highlighting pen or computer program without the need for a court reporter to perform the redaction. . Accordingly, the Court finds that expenses related to Mr. Gates' redacted transcript are not compensable as being necessary and affirms its previous decision to exclude $750 from GC Services' award of costs.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration Regarding Costs, **ECF No. 111**, is **GRANTED IN PART**.

   a. The Court's award of Defendant's Costs, ECF No. 104, shall be supplemented to include an additional $125 that GC Services incurred in serving a Subpoena Duces Tecum on Franz Bakery. *See* ECF No. 88 at 18.

   b. The Court's award of Defendant's Costs, ECF No. 104, shall not include $750 incurred for editing the deposition transcript of Eric John Gates. *See* ECF No. 88 at 28.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 4, 2020.          *s/ Rosanna Malouf Peterson*
                                                    ROSANNA MALOUF PETERSON
                                                    United States District Judge